UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------X

LEV & BERLIN, PC
    Plaintiff,

CASE N0:

v.

BRIAN KAWAMURA,
CRISELDA KAWAMURA, RAYMOND
BASTIN, LATIGO CAPITAL
PARTNERS, LLC, KAWAMURA
CAPITAL PARTNERS, LLC.

    Defendants.

October 6, 2010

-------------------------------------------------------X

## COMPLAINT

COMES NOW the Plaintiff, Lev & Berlin, P.C., by and through its attorneys of record herein, and alleges as follows:

### JURISDICTION

1. Jurisdiction of the first claim is based upon 28 U.S.C. §1332 [Diversity].

2. The Plaintiff is a Connecticut corporation, with its principal place of business in Connecticut.

3. Plaintiff is informed and believes, and thereon alleges that Defendant Brian Kawamura is is an individual resident of the State of Illinois.

4. Plaintiff is informed and believes, and thereon alleges that Defendant Raymond Bastin is is an individual resident of the State of Illinois.

5. Plaintiff is informed and believes and thereon alleges that Defendant Criselda Kawamura is an individual resident of the State of Illinois.

6. The Defendant, Latigo Partners, LLC is a Florida limited liability company with its principal place of business in the State of Illinois.

7. Defendant Kawamura Partners, LLC is an Illinois limited liability company with its principal place of business in the state of Illinois.

8. Defendants Brian Kawamura, Criselda Kawamura and Raymond Bastin are the members and managers of Defendants Kawamura Capital Partners, LLC.

9. Defendants Brian Kawamura, Criselda Kawamura and Raymond Bastin are the members and managers of Defendants Latigo Capital Partners, LLC.

10. The matter is controversy is in excess of $75,000.00

11. Jurisdiction as to the remaining claims is pursuant to this Court pendant jurisdictional power.

## VENUE

12. Venue is proper under 28 U.S.C. §1391(a) in that the claims arise in this district; the transactions complained of occurred and services were rendered in the State of Connecticut and the written agreement between the parties names Connecticut as the appropriate venue for all actions.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. At all times relevant hereto the Defendants, and each of them, in concert as to each of the actions alleged to have been taken hereunder.

14. At all times relevant hereto the Defendants, and each of them, agreed to and conspired with the remaining Defendants to take the actions alleged hereunder.

15. At all times relevant hereto, the Defendants, and each of them, aided and abetted the actions of the remaining Defendants as alleged hereunder.

16. At all times relevant hereto, the Defendants, and each of them, acted as the agent of the others, and in engaging in the acts alleged herein acted in the course and scope of said agency.

17. Plaintiffs are informed and believe and therein allege that at all times hereto there existed a unity of interest and ownership between the individual Defendants Brian Kawamura, Criselda Kawamura, Raymond Bastin and Defendant Latigo Capital Partners, LLC such that any individuality ceased to exist, in that, any other things: (a) each of the above named individual Defendants used the assets of the company assets as their own; (b) at all relevant times dominated and controlled the Defendant company so as to intermingle funds and assets with other affiliated and controlled entities for their own benefit and convenience and to avoid payment and performance of obligations to third parties;(c) have used Defendant company and other unknown entities as mere shells, instrumentalities and conduits for their own personal gain and use, and to perpetrate the frauds herein alleged.

18. Adherence to the fiction and the separate existence of Defendants, Brian Kawamura, Criselda Kawmura Raymond Bastin and Latigo Capital Partners, LLC would sanction a fraud and an injustice to Plaintiff.

19. Plaintiffs are informed and believe and therein allege that at all times hereto there existed a unity of interest and ownership between the individual Defendants Brian Kawamura, Criselda Kawmura Raymond Bastin and Defendant Kawamura Capital Partners, LLC such that any individuality ceased to exist, in that, any other things: (a) each of the above named individual Defendants used the assets of the company assets as their own; (b) at all relevant times dominated and controlled the Defendant company so as to intermingle funds and assets with other affiliated and controlled entities for their own benefit and convenience and to avoid payment and performance of obligations to third parties;(c) have

used Defendant company and other unknown entities as mere shells, instrumentalities and conduits for their own personal gain and use, and to perpetrate the frauds herein alleged.

20. Adherence to the fiction and the separate existence of Defendants, Brian Kawamura, Criselda Kawmura Raymond Bastin and Kawamura Capital Partners, LLC would sanction a fraud and an injustice to Plaintiff.

21. Plaintiff is informed and believes and thereon alleges that in or about October 2009 Defendants caused all of the operating assets of Defendant Latigo Capital Partners, LLC to be transferred to Defendant Kawamura Capital Partners, LLC.

22. Plaintiff is informed and believes and thereon alleges that such transfer was without value.

23. Plaintiff is informed and believes and thereon alleges that Defendant Kawamura Capital Partners, LLC is essentially one and the same and a de facto successor to Defendant Latigo Capital Partners, LLC.

24. In or about March 20, 2009 Defendant Latigo Capital Partners, LLC retained Plaintiff to perform certain legal services.

25. A true and correct copy of the written retainer letter is attached hereto as Exhibit A.

26. From on or about March 20, 2009, Defendants, and each of them, requested and received certain goods and services from Plaintiff.

27. Said goods and services were provided by Plaintiff at the special request and order of the Defendants, and each of them.

28. These goods and services were provided to Defendants, and each of them, and accepted by them and continued to request further services.

29. From on or about April 1, 2009 through July 1, 2010 Plaintiff submitted invoices to Defendants for the agreed charges for said goods. Said invoices were in the total amount of $724,539.83.

30. Defendants have paid or received credits for the sum of $634,397.42 to Plaintiff for said goods and service, leaving a remaining balance due of $90,142.41.

31. Plaintiff has demanded said sum from Defendants.

## COUNT I - BREACH OF CONTRACT

32. Plaintiff realleges paragraphs 1 through 31 inclusive and incorporates each and every allegation as though set forth in full hereat.

33. Said goods and services were preformed pursuant to a written agreement between Plaintiff and Defendants. A true and correct copy of the Agreement is attached hereto as Exhibit A.

34. The written agreement provides for interest at the rate of 1% per month for all amounts unpaid after 30 days.

35. The written agreement provides for the recovery of attorneys fees if suit is brought on any amounts unpaid.

36. Plaintiff performed each and every obligation required by it to be performed under the agreement between Plaintiff and Defendant.

37. Defendant has breached the Contract by its failure to make payment for the goods and services delivered.

38. Plaintiff has suffered damages in excess of $75,000.00 as a direct and proximate result of the breach of contract of Defendant, which sum shall be proven at trial of this action.

## COUNT TWO - GOODS SOLD AND DELIVERED

39. Plaintiff realleges paragraphs 1 through 38, inclusive, and incorporates each and every allegation as though set forth in full hereat.

40. Plaintiff has submitted monthly and regular invoices to Defendants, and each of them. A true and correct copy of the final invoice is attached hereto as Exhibit B.

41. Defendants, and each of them have not protested nor disputed the services, invoices or amounts due.

42. Defendants, and each of them, have promised to make payments on the outstanding invoices.

43. As of the date hereof, Defendant has failed to pay for the goods sold, delivered and invoiced.

44. Plaintiff has suffered damages in excess of $2,500.00 as a direct and proximate result of the breach of contract of Defendant.

## COUNT THREE - QUANTUM MERUIT

45. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through and including 44 set forth above as though set forth in full hereat.

46. Defendant has accepted the goods and services.

47. The fair market value of the goods and services provided was in excess of $75,000.00, which amount shall be more specifically proven at trial.

48. Plaintiff has suffered damages in excess of $75,000.00 as a direct and proximate result thereof.

## COUNT FOUR - ACCOUNT STATED

49. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through and including 48 set forth above as though set forth in full hereat.

50. Plaintiff has stated an account to Defendant. A true and correct copy of said account is attached hereto as Exhibit B and is incorporated by this reference as though set forth in full hereat.

51. Defendant has not protested the account.

52. Defendant has accepted the goods and services and the account as stated.

53. Defendant has failed to pay such account.

54. Plaintiff has suffered damages in excess of $75,000.00 as a direct and proximate result thereof.

## COUNT FIVE - UNJUST ENRICHMENT

55. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through and including 54 set forth above as though set forth in full hereat.

56. Defendant has been unjustly enriched by the goods and services provided as stated above in an amount in excess of $75,000.00 which amount shall be more specifically proven at trial.

57. Plaintiff has suffered damages in excess of $75,000.00 as a direct and proximate result thereof.

## COUNT SIX - PROMISSORY ESTOPPEL -DETRIMENTAL RELIANCE

58. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through and including 57 set forth above as though set forth in full hereat.

59. Defendants Brian Kawamura and Raymond Bastin knew that the written retainer agreement was between Plaintiff and Defendant Latigo Capital Partners, LLC.

60. In or about September 2009 Defendants Brian Kawamura and Raymond Bastin informed Plaintiff of the new entity being formed as a successor to Latigo Captial Partners, LLC, to wit, Kawamura Capital Partners, LLC.

61. As a material inducement to continue to provide legal services to Defendants and each of them, Defendants Brian Kawamura and Raymond Bastin, jointly and severally, and on behalf of Defendant Kawamura Capital Partners, LLC, represented and assured Plaintiff of payment of all sums due.

62. In detrimental reliance of said representations and assurances, Plaintiff continued to provide legal goods and services to the Defendants, and each of them.

63. Plaintiff has suffered damages in excess of $75,000.00 as a direct and proximate result thereof.

**WHEREFORE**, Plaintiff prays:

    A. For actual damages in excess of the amount of $75,000.00, according to proof;

    B. Cost of suit;

    C. Attorneys' fees;

    D. Interest at the maximum legal rate; and

    E. For each other and further relief as the Court deems just and proper.

DATED:    October 6, 2010 at Norwalk, Connecticut.

**THE PLAINTIFF**

By: *[signature: Mark Stern]*

Mark Stern, Esq.
Mark Stern & Associates, LLC
PO BOX 2129
16 River Street
Norwalk, Connecticut 06852-2129
(203) 853-2222
Federal Bar No. CT01701

**LEV & BERLIN, P.C.**
ATTORNEYS AT LAW
200 CONNECTICUT AVENUE – 5TH FLOOR
NORWALK, CONNECTICUT 06854-1940
(203) 838-8500
Facsimile: 203-854-1652
Toll Free: 800-377-4508
www.levberlin.com



DUANE L. BERLIN
ANDREW M. WALSH*
E. BARRY LYON◊

*ALSO ADMITTED IN NY
◊ALSO ADMITTED IN MA
▫ALSO ADMITTED IN VA

Writer's Direct Dial Number:
(203) 838-8500 Ext. 15

Writer's E-Mail Address:
dberlin@levberlin.com

DONALD M. KLEBAN*
BRUCE L. LEV▫

OF COUNSEL

March 20, 2009

**VIA E-MAIL**

Latigo Capital Partners, LLC
Attn: Brian Kawamura
801 International Parkway
5th Floor, Suite 500
St. Mary, FL  32746

Re:    General Corporate Matters

Dear Brian:

      As discussed, we would be happy to assist you with legal issues related to general corporate matters in accordance with our standard Retainer Agreement, which is set forth herein.

      This Retainer Agreement sets forth the entire fee agreement between you and Lev & Berlin, P.C. concerning the above-referenced matters. By your execution of this letter, you will have retained us to represent you in the above matter, and you have agreed to pay us in accordance with the terms of this Retainer Agreement, which terms include, but are not limited to, paying us for time spent at our customary hourly rates. Our current hourly rates are as follows:

      Partner:               $ 325.00 per hour
      Associate:            $ 255.00-270.00 per hour
      Paralegal:            $ 100.00 per hour

      We will use our best judgment, in our discretion, to assign attorneys and staff personnel to your matter. Billed time includes, among other things, all time spent on this matter including conferences with you and others, intra-office conferences, telephone calls, drafting of documents, correspondence, negotiations, research, and travel to and from locations away from our office.

EXHIBIT A

**LEV & BERLIN, P.C.**

Latigo Capital Partners, LLC
March 20, 2009
Page Two

Our fees are based on all factors discussed in this Retainer Agreement, not simply the hourly rates. You may call or write us if you have any questions about your bill. You agree to pay each bill within 30 days of the date of the bill, unless we make other arrangements with you in writing. If you do not pay your bill within 30 days of the due date, you agree that we may stop working on your matter. Any bill not paid within 30 days will be subject to interest at the rate of 1% per month. In the event we are required to commence legal action to collect our bill, you will be responsible for all costs of collection including reasonable attorney's fees.

You acknowledge that we have made no guarantees with respect to the outcome of this matter and our fees are in no way contingent or conditioned upon the consummation or closing of any transaction.

We hereby request a retainer of $5,000.00, which we will credit towards the fees to be incurred. We have now begun to do work on this matter. We may require you, at our discretion, to pay additional advances against our fees and costs. If any portion of the retainer is not used, it will be returned to you. Our fee is in accord with the Rules of Professional Conduct and the ethical guidelines established by the American Bar Association.

This Retainer Agreement can only be modified by written documents signed by both parties, and shall be governed by the laws of the State of Connecticut. If you would like us to go forward, please signify your acceptance of the terms of this Retainer Agreement by signing below and returning the original to my attention. Please be sure to keep a copy for your records.

We are pleased that you have asked Lev & Berlin, P.C. to represent you. If you have any questions about this Agreement, please feel free to discuss them with us.

Very truly yours,

LEV & BERLIN, P.C.

Duane L. Berlin

Agreed and accepted this ____ day
of March, 2009.

Latigo Capital Partners, LLC

By: Brian Kawamura,
Its: CEO, Senior Partner

LEV & BERLIN, P.C.
200 Connecticut Avenue
5th Floor
Norwalk, CT 06854


Kawamura Capital Partners, LLC
Attention: Cris Kawamura, EVP Global
Operations
2135 CityGate Lane
Suite 300
Naperville, IL 60563

July 01, 2010


Invoice #18770

Professional Services

| | Hrs/Rate | |
|---|---|---|
| **General Representation** | | |
| 6/9/2010 Email exchange with CK, DLB, conf with DLB. | 0.50 285.00/hr | 142.50 |
| 6/24/2010 Email exchanges. | 0.25 285.00/hr | 71.25 |
| Email exchanges. | 0.25 285.00/hr | 71.25 |
| SUBTOTAL: | [ 1.00 | 285.00] |
| For professional services rendered | 1.00 | $285.00 |
| Previous balance | | $89,857.41 |
| Balance due | | $90,142.41 |

EXHIBIT B

## Lev & Berlin 2009-2010 Invocies

| Date | Invoice Amount | Payment | |
|---|---|---|---|
| 5/4/2009 | $ 28,452.50 | $ 5,000.00 | |
| 6/1/2009 | $ 69,031.25 | $ 23,452.50 | |
| 7/1/2009 | $ 65,999.29 | $ 69,031.25 | |
| 8/1/2009 | $ 53,976.79 | $ 65,999.29 | |
| 9/1/2009 | $ 55,965.00 | $ 53,976.79 | |
| 10/1/2009 | $ 55,027.09 | $ 55,965.00 | |
| 11/2/2009 | $ 60,227.33 | $ 55,027.09 | |
| 12/1/2009 | $ 70,930.83 | $ - | |
| 1/1/2010 | $ 49,331.25 | $ 60,227.33 | |
| 2/1/2010 | $ 56,623.25 | $ 132,421.66 | |
| 3/2/2010 | $ 54,951.69 | $ 56,831.17 | |
| 4/1/2010 | $ 52,907.43 | $ 52,755.34 | |
| 5/1/2010 | $ 46,854.88 | $ 3,710.00 | |
| 6/3/2010 | $ 3,976.25 | $ - | |
| 7/1/2010 | $ 285.00 | $ - | |
| Total | $ 724,539.83 | $ 634,397.42 | $ 90,142.41 |